**Juan Hsien Yang SHER and Sherry Sher, Appellants,**

v.

**FUN TRAVEL WORLD, INC., Appellee.**

No. 05–02–01765–CV.

Court of Appeals of Texas, Dallas.

Oct. 23, 2003.

Wayne B. Ames, McKinney, for Appellants.

Chad Michael Ruback, Godwin Gruber, LLP, Kimberly A. Shambley, Dallas, for Appellee.

Before Justices MORRIS, O'NEILL, and LANG.

## OPINION

Opinion by Justice LANG.

In this DTPA action appellants, Juan Hsien Yang Sher ("Juan") and Sherry Sher ("Sherry" and, collectively, "The Shers"), appeal the summary judgment rendered against them in favor of appellees, Fun Travel World, Inc. ("Fun Travel"). The Shers bring five issues. However, issue numbers one, two, three, and five assert generally that the trial court erred in granting Fun Travel's traditional and no-evidence summary judgment motion because: (1) Fun Travel failed to meet its summary judgment burden under Texas Rules of Civil Procedure 166a(c), and (2) the Shers raised a genuine issue of material fact with regard to the elements challenged in Fun Travel's 166a(i) no-evidence summary judgment motion.[1] In their fourth issue, the Shers contend summary judgment was improper as to their breach of contract claim.

For the reasons set out below, we affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

The Shers' pleadings allege that after seeing Fun Travel's advertisements, Juan entered into a contract with Fun Travel, under which Fun Travel was to arrange Juan's travel from Dallas to New York and, ultimately, to Scandinavia and Russia as part of a guided travel group. Sherry paid for the travel services. The Shers' pleadings allege that Fun Travel intentionally misrepresented that it would provide Juan supervised travel and "handle" her needs arising from flight delays during the group-travel tour. On the departure date, Juan's flight from Dallas was delayed several hours due to heavy rain, causing Juan to miss her connecting flight in New York, on which she was to join the travel group and guide. Unable to meet the tour guide in New York, Juan declined a later flight and chose to return to Dallas. The Shers sued Fun Travel on December 11, 2000, seeking damages for violations of the Deceptive Trade Practices–Consumer Protection Act (DTPA).

After initial discovery, Fun Travel filed both a traditional and a no-evidence motion for summary judgment on June 20, 2002. Although the trial court's record reflects that Fun Travel served the motion upon the Shers by certified mail, the Shers did not participate in the summary judgment hearing and failed to respond until 17 days after the trial court signed its judgment. The Shers moved for rehearing on August 12, 2002, and subsequently filed notice of appeal to this Court on August 23, 2002.

## STANDARD OF REVIEW

### A. Summary Judgment Under TEX.R. CIV. P. 166a(c)

■ We review a summary judgment de novo. *Dickey v. Club Corp. of Am.*, 12

---

1. The specific issues raised are: 1) the pleadings established the Shers' status as consumers, 2) the pleadings established Fun Travel's standard of care under the DTPA and that Fun Travel's acts were "unconscionable" and done "knowingly," 3) the pleadings sufficiently refuted Fun Travel's no-evidence motion, 4) the pleadings established sufficient evidence of material facts as to a breach of contract claim, and 5) Fun Travel failed to establish that Juan's conduct was the producing cause of her damages. However, in substance, issues one, two, three, and five attack the propriety of granting summary judgment.

S.W.3d 172, 175 (Tex.App.-Dallas 2000, pet. denied); *Reynosa v. Huff*, 21 S.W.3d 510, 512 (Tex.App.-San Antonio 2000, no pet.). The standards for reviewing a traditional summary judgment are well-established. *See Sysco Food Servs. v. Trapnell*, 890 S.W.2d 796, 800 (Tex.1994); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). A party moving for traditional summary judgment carries the burden of establishing that no material fact issue exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex.2000) (per curiam). Once the defendant-movant presents summary judgment evidence that conclusively negates an element of the plaintiff's claims, the burden shifts to the plaintiff to put on competent controverting evidence sufficient to raise a fact issue. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex.1995). When reviewing a motion for summary judgment, the court takes the nonmovant's evidence as true, indulges every reasonable inference in favor of the nonmovant, and resolves all doubts in favor of the nonmovant. *Willrich*, 28 S.W.3d at 23–24. However, pleadings are not competent summary judgment evidence, even if sworn or verified. *See Laidlaw Waste Sys., Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995); *Hidalgo v. Sur. Sav. & Loan Ass'n*, 462 S.W.2d 540, 545 (Tex.1971).

**B. No–Evidence Summary Judgment Under TEX.R. CIV. P. 166a(i)**

Under Texas Rules of Civil Procedure 166a(i), a party may move for summary judgment if no evidence exists to support one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. TEX.R. CIV. P. 166a(i); *Brewer & Pritchard, P.C. v. Johnson*, 7 S.W.3d 862, 866 (Tex.App.-Houston [1st Dist.] 1999) *aff'd*

73 S.W.3d 193 (Tex.2002). The moving party must allow adequate time for discovery and must state in the motion the elements on which there is no evidence. *See* TEX.R. CIV. P. 166a(i); *Brewer & Pritchard*, 7 S.W.3d at 866–67. The trial court must grant the motion unless the nonmovant produces more than a scintilla of evidence raising a genuine issue of material fact on the challenged elements. TEX.R. CIV. P. 166a(i); *Brewer & Pritchard*, 7 S.W.3d at 866–67; *Gen. Mills Rests., Inc. v. Tex. Wings, Inc.*, 12 S.W.3d 827, 832–33 (Tex.App.-Dallas 2000, no pet). However, pleadings are not competent summary judgment evidence, even if sworn or verified. *See Laidlaw Waste Sys., Inc.*, 904 S.W.2d at 660; *Hidalgo*, 462 S.W.2d at 545.

## APPLICATION OF LAW TO THE FACTS

The Shers' arguments as to issues one, two, three, and five address the merits of their claims and, somewhat indirectly, the summary judgment process and the trial court's determination to grant summary judgment. In order to resolve these issues as they relate to the merits, we need only address the propriety of the trial court's decision to grant summary judgment.

**A. Summary Judgment Against Juan Hsien Yang Sher**

■ The elements of Juan's DTPA claim required her to prove that: (1) she was a consumer, (2) Fun Travel engaged in false, misleading, or deceptive acts, and (3) these acts constituted a producing cause of her damages. *See* TEX. BUS. & COM.CODE ANN. § 17.50(a)(1) (Vernon 2003). Fun Travel's summary judgment evidence shows that flight delay due to heavy rains in Dallas, and not the acts of Fun Travel, prevented Juan from meeting her travel

group and guide. Since Fun Travel negated the producing cause element, the burden then shifted to the Shers to put on evidence showing a genuine issue of material fact on producing cause. However, the Shers put on no evidence in response to Fun Travel's motion. They argue on appeal that their pleadings adequately controverted Fun Travel's motion. We conclude that since the Shers' pleadings are not competent summary judgment evidence, Fun Travel established as a matter of law that it was entitled to judgment by negating the producing cause element of Juan's DTPA claim.

### B. No–Evidence Summary Judgment Against Sherry Sher

To meet its initial 166a(i) burden, Fun Travel merely needed to state that no evidence existed to support one or more essential elements of Sherry's DTPA claim. Fun Travel asserted no evidence existed regarding: (1) Sherry's status as a consumer, and (2) Fun Travel's false, misleading, or deceptive acts as to Sherry. The burden then shifted to the Shers. The Shers did not respond to Fun Travel's motion, but argue on appeal that their pleadings were sufficient to raise a fact issue. Of course, pleadings are not competent summary judgment evidence. The trial court properly granted Fun Travel's no-evidence summary judgment motion.

We resolve issues one, two, three, and five against the Shers.

### C. Contract Claim

■ The Shers failed to allege a breach of contract claim in their pleadings filed with the trial court. No issue has been preserved for appeal on this point. Tex. R.App. P. 33.1. Accordingly, the fourth issue on appeal is decided adversely to the Shers.

### CONCLUSION

We conclude that Fun Travel met its traditional and no-evidence summary judgment burden and that the Shers failed to raise controverting evidence in response to Fun Travel's summary judgment motions. Further, the Shers failed to preserve their issue respecting a contract claim. Therefore, the trial court properly granted judgment in Fun Travel's favor. Having resolved the Shers' issues adversely to them, we affirm the trial court's judgment.