In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-422 CV


____________________



ALLEN J. FALBY, Appellant



V.



ALAN S. PERCELY, Appellee






On Appeal from the 136th District Court


Jefferson County, Texas


Trial Cause No. D-166,054-A






MEMORANDUM OPINION


 Allen J. Falby appeals from a Rule 166a(i) summary judgment. See Tex. R. Civ. P.
166a(i). He filed a pro se suit against Alan S. Percely and William Satterwhite, Jr. for legal
malpractice, violations of the Deceptive Trade Practices Act, negligent misrepresentation, (1) and
breach of contract. The trial court granted summary judgment on the malpractice and DTPA
claims and denied summary judgment on the negligent misrepresentation and breach of contract
claims. The former two causes of action against Percely were severed out and made final for
appeal purposes. 

 Falby was convicted of a criminal offense and has exhausted his appeals. (2) Based on
another inmate's recommendation, Falby's mother contacted Satterwhite in July 1999 about
representing her son on an application for writ of habeas corpus. Falby's petition states
Satterwhite told Falby's family that Satterwhite had a law degree, but was not licensed to practice
law, and that he worked for the law firm of a licensed attorney. Falby's mother paid Satterwhite
a retainer fee along with additional sums. Satterwhite and Falby's brother, Roy, exchanged
numerous e-mails about the habeas corpus application. Falby explains Satterwhite was supposed
to go to the prison to conduct "legal visits" with Falby, to investigate the case, and to review court
records, but Falby says that, as of November 1999, "this never happened." Becoming suspicious,
Roy and his mother came to Texas in January 2000 and confronted Satterwhite. He reassured the
Falbys, and they paid him another $300. 

 According to Falby, Satterwhite visited him in prison in early 2000. Satterwhite gained
entry through a document, signed by Allen Percely, that authorized Satterwhite, as Percely's
representative, to visit Falby. The habeas application was not filed by Satterwhite or Percely. 
Falby says he then filed a state habeas application himself with the aid of a "writ writer," but the
application was denied. Falby maintains that because of Satterwhite's negligence (as "facilitated"
by Percely) in failing to file a state writ, a deadline for filing a federal writ passed. Percely claims
Falby cannot establish either proximate cause or the existence of an attorney-client relationship
between Falby and Percely. 

 Under Rule 166a(i), a party may move for summary judgment if no evidence exists to
support one or more essential elements of a claim or defense on which an adverse party would
have the burden of proof at trial. Unless the nonmovant produces more than a scintilla of evidence
raising a genuine issue of material fact on the challenged elements, the trial court must grant the
motion. Sher v. Fun Travel World, Inc., 118 S.W.3d 500, 502 (Tex. App.--Dallas 2003, no
pet.). Less than a scintilla of evidence exists when the evidence is so weak as to do no more than
create a mere surmise or suspicion of a fact. Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63
(Tex. 1983). More than a scintilla of evidence exists when the evidence rises to a level that would
enable reasonable and fair-minded people to differ in their conclusions. Merrell Dow Pharms.,
Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997). 

 A no-evidence motion for summary judgment is predicated on "adequate time for
discovery." See Tex. R. Civ. P. 166a(i). Falby argues discovery "has not ceased." Two and
one-half years elapsed between the filing of suit and the summary judgment. Discovery was
conducted during that time. The no-evidence motion was on file more than one year before the
trial court granted the summary judgment. We are unaware of any motion for continuance filed
by Falby. The record does not demonstrate time for discovery was inadequate in this case. Issue
one is overruled. 

 As a ground for the Rule 166a(i) motion, Percely contends a plaintiff who has not been
exonerated of his crime cannot recover from his defense attorney for legal malpractice. This
ground goes to the proximate cause element in a legal malpractice cause of action. See Peeler v.
Hughes & Luce, 909 S.W.2d 494, 496 (Tex. 1995). (3) Percely relies on Peeler, where the Texas
Supreme Court held that a person convicted of a crime may not maintain legal malpractice claims
in connection with that conviction unless he has "been exonerated on direct appeal, through post-conviction relief, or otherwise." Id. at 498 (Tex. 1995). Peeler's attorney failed to inform her
of the State's offer of transactional immunity prior to trial. Id. at 496. Unaware of the State's
offer, Peeler pled guilty and was convicted. Id. Peeler later sued her trial attorney. The Supreme
Court said Peeler's own conduct was the sole cause of her indictment and conviction, and
"allowing civil recovery for convicts impermissibly shifts responsibility for the crime away from
the convict." Id. at 498. Unless the conviction has been overturned, "it is the illegal conduct
rather than the negligence of a convict's counsel that is the cause in fact of any injuries flowing
from the conviction[.]" Id. at 498.

 To recover either for legal malpractice or under the DTPA, a plaintiff must prove
causation. Id. at 498. Cause-in-fact means the defendant's conduct was a substantial factor in
bringing about an injury which would not have otherwise occurred. Id. at 498. Since Peeler had
not been exonerated, the Supreme Court held that her illegal acts remained the sole cause of her
indictment and conviction as a matter of law. Id. The Court further noted that even if no bar
existed to Peeler's malpractice claim, she would still be required at trial to meet the burden of
proving all elements of malpractice, including obtaining a fact finding that but for the legal
negligence, she would not have been convicted. Id. at 498 n.3. 

 Arguing against the application of Peeler, Falby says his conduct is not the cause of his
damages. He says that Percely did not represent him in the criminal proceeding, and there is no
claim for malpractice or a DTPA violation in relation to that conviction. He argues his suit is not
a "calculated attack" on his conviction. Instead, Falby maintains he is suing Percely for failing
to file a post-conviction writ, and Percely's inaction is "the sole proximate and producing cause
of Appellant's damages." Falby maintains his suit is unrelated to his conviction. Yet the
gravamen of his complaint is that he has lost the ability to challenge his conviction through a
federal post-conviction writ of habeas corpus because of Percely's negligence. He says he filed
a petition for discretionary review but the court refused his petition. Falby also maintains he filed
a writ himself with the assistance of a "writ writer." The habeas corpus application, regardless
of who filed it, relates to and flows from the conviction. 

 Peeler's analysis is grounded on public policy. Falby provides no evidence of the basis
for the writ he says should have been filed and provides no basis to distinguish Peeler. In Peeler,
the Court explained that to allow a malpractice suit against the attorney "merely permits cost-shifting of the consequences of [the] criminal conduct to [the] lawyer." Id. at 498. The Court
held a convicted person, unless exonerated, is barred from maintaining a legal malpractice claim
for damages flowing from the conviction. Peeler, 909 S.W.2d at 497-498; see also Barnum v.
Munson, Munson, Pierce and Cardwell, P.C., 998 S.W.2d 284, 286 (Tex. App.--Dallas 1999,
pet. denied) (Relying on Peeler, the court held that inmate's malpractice suit against attorney
appointed to represent him on appeal was barred, because the record contained no evidence
Barnum's conviction had been overturned.). Falby's causes of action relate to and flow out of his
conviction. Peeler controls this Court's decision. We overrule issues three and four. Because
these issues are dispositive of this case, we need not consider issue two. The trial court's
judgment is affirmed.

 AFFIRMED.

 _________________________________

 DAVID GAULTNEY

 Justice 


Opinion submitted March 24, 2005

Delivered May 5, 2005


Before Gaultney, Kreger and Horton, J.J.
1. In his petition, Falby states he sues for "criminal fraud," along with other causes of
action. Both the trial court and Percely interpret the pleadings as alleging legal malpractice,
DTPA violations, breach of contract, and negligent misrepresentation.
2. Appellee's brief recites Falby was convicted of a criminal offense, his conviction was
upheld by the Court of Appeals, and his petition for discretionary review was denied by the Texas
Court of Criminal Appeals. Falby does not contradict Percely's statement of these facts. See Tex.
R. App. P. 38.1(f).
3. A legal malpractice cause of action has the following elements: (a) the attorney owed a
duty to the plaintiff; (b) the attorney breached the duty; (c) the breach proximately caused the
plaintiff's injuries; and (4) damages occurred. Peeler, 909 S.W.2d at 496.