**Affirmed and Opinion Filed March 10, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00362-CV

### SMALIA SANDY YOUNG, Appellant
### V.
### WAL-MART STORES TEXAS, LLC, Appellee

**On Appeal from the County Court at Law No. 5**
**Collin County, Texas**
**Trial Court Cause No. 005-1004-2013**

## MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Whitehill
Opinion by Justice Francis

In this slip-and-fall case, Smalia Sandy Young appeals the trial court's take-nothing summary judgment on her premises liability claim against Wal-Mart Stores Texas, LLC. The controlling question is whether Young raised a fact issue on the element of knowledge. Because we conclude she has not, we affirm.

The evidence in this case came from the depositions of Young and a Wal-Mart cashier, Loretta Sidener. Young testified she went through the self-checkout lane at the Wal-Mart in McKinney, Texas to purchase ice cream. As she was leaving, she slipped on a puddle of what appeared to be water and injured her knee, hip, and ankle. Sidener came over to her, asked if she was okay, and went to get paper towels to wipe up the water. Young said she did not know how much water was on the floor but said it "took [Sidener] twice to get paper towels." Young said

after she fell, she had conversations with Sidener and four or five employees, who had gathered around her. According to Young, no one at Wal-Mart said he or she knew there was water on the floor before she fell. Young was transported to the hospital by ambulance.

Sidener testified she had been working in the self-checkout area for about thirty minutes and was "not far" from Young when she fell. Sidener caught a "glimpse" out of the corner of her eye and turned to see Young on the floor. Sidener rushed to assist Young and noticed a "small puddle of water" that was about six inches in diameter. Sidener had a paper towel in her hand because she had been cleaning conveyor belts in the area. Sidener asked Young if she was okay, and at the same time, wiped up the puddle with the paper towel she had in her hand. Sidener said she did not see any substance on the floor before Young fell and had no idea how it got there. And, while she did not know how long it had been there, she did not think it could have been there "too long" because she was "constantly walking around the area" and would have cleaned it up if she had seen it.

Young sued Wal-Mart alleging a premises liability claim. Wal-Mart filed a motion for no-evidence and traditional summary judgment arguing, among other things, that there was no evidence that it knew or should have known of the dangerous condition. Wal-Mart attached Young's deposition as evidence. Young responded to the motion and presented both her and Sidener's depositions. After considering the evidence, the trial court granted Wal-Mart's motion and rendered a take-nothing judgment.

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in nonmovant's favor. *Valance Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). To prevail on a no-evidence motion for summary judgment, the movant must establish that there is no evidence to support an essential

element of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. *See* TEX. R. CIV. P. 166a(i); *Sher v. Fun Travel World, Inc.*, 118 S.W.3d 500, 502 (Tex. App.—Dallas 2003, no pet.). On review, we determine whether the nonmovant produced more than a scintilla of probative evidence to raise a genuine issue of material fact on each challenged element. *Sher*, 118 S.W.3d at 502. More than a scintilla of evidence exists if the evidence offered "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003).

Wal-Mart owed Young, as its invitee, a duty to exercise reasonable care to protect her from dangerous conditions in the store that were known or reasonably discoverable, but it was not an insurer of her safety. *See Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002). To recover from Wal-Mart, Young had the burden of proving, among other things, that Wal-Mart had actual or constructive notice of the dangerous condition. *Id*. A slip-and-fall plaintiff satisfies the notice element by establishing that (1) the defendant placed the substance on the floor, (2) the defendant actually knew that the substance was on the floor, or (3) it is more likely than not that the conditions existed long enough to give the premises owner a reasonable opportunity to discover it. *Id*.

On appeal, Young argues she raised a fact issue on both actual and constructive knowledge and relies on the same set of facts: (1) Sidener had been on duty in the area for "up to half an hour"; (2) she was "not far" from where Young fell; (3) Young "readily identified the substance as 'water,' though she claimed at her deposition to be 'guessing'"; (4) "[w]ithout prompting, she identified the substance as a spill" rather than a "leak, seepage, condensation" or other "method" by which a puddle could accumulate; (5) she had paper towels in her hand and immediately used the towels to clean the area, "creating the inference" that she "knew the

substance was on the floor and was equipped to clean it but had not done so or taken any steps to otherwise warn or make the condition safe."

Considering the above facts, we cannot conclude Young raised a fact issue on actual or constructive knowledge. With respect to actual knowledge, there is no evidence Wal-Mart created the condition or knew of the condition on the premises. The only evidence in the record shows that Sidener testified she did not know the water was on the floor before Young fell nor did she know how it got there. Further, Young's testimony established that no one from Wal-Mart said they knew the substance was on the floor before she fell. Although Young suggests we can infer Sidener was aware of the spill from the fact she was holding paper towels, it is just as plausible that she had been cleaning conveyor belts in the area as she testified. *See Cox v. H.E.B. Grocery, LP*, No. 03-13-00714-CV, 2014 WL 4362884, at *2 (Tex. App.—Austin Aug. 27, 2014, no pet.) (mem. op.) ("Circumstantial evidence from which equally plausible but opposite inferences could be drawn is merely speculative and, therefore, legally insufficient to support a finding."). Young has not raised a fact issue on actual knowledge.

She next asserts that even if Wal-Mart did not actually know about the puddle, it should have. She argues that whether the liquid was the result of a "sudden leak or spill" or the result of a "slow accumulation," Sidener should have seen it because she was in the area and it occurred in a high-traffic area of the store.

The question of constructive knowledge requires analyzing the combination of proximity, conspicuity, and longevity. *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 567 (Tex. 2006) (per curiam). As explained in *Reece* and affirmed in *Spates*, if the dangerous condition is "conspicuous as, for example, a large puddle of dark liquid on a light floor would likely be, then an employee's proximity to the condition might shorten the time in which a jury could find that the premises owner should reasonably have discovered it." *Reece*, 81 S.W.3d at 816; *Spates*, 186

–4–

S.W.3d at 568. Similarly, if a worker was in "close proximity to a less conspicuous hazard for a continuous and significant period of time, that too could affect the jury's consideration of whether the premises owner should have become aware of the dangerous condition." *Reece,* 81 S.W.3d at 816; *Spates*, 186 S.W.3d at 568. In either case, however, there must be some proof of how long the hazard was there before liability can be imposed on the premises owner for failing to discover and rectify, or warn of, the danger. *Reece*, 81 S.W.3d at 816. Without temporal proof, no basis exists upon which a factfinder can "reasonably assess the opportunity the premises owner had to discover the dangerous condition." *Reese,* 81 S.W.3d at 816.

None of the facts relied on by Young to defeat the no-evidence motion for summary judgment provide any proof from which a factfinder could draw a reasonable inference that Wal-Mart had constructive knowledge of the puddle of water. The only evidence showed the presence of a clear liquid on the floor, which both Sidener and Young believed was water; there was no evidence from which any inference can be made as to how long it had been there. With no evidence of the amount of time the water was on the floor, there is no basis upon which a factfinder could assess the opportunity Wal-Mart had to discover and remove it. *See Spates*, 186 S.W.3d at 568 (concluding in summary judgment case that there was no evidence Wal-Mart should have discovered six-pack ring that plaintiff alleged was hazardous, even though ring "was directly behind employee," without evidence of how long ring had been on floor); *Reece*, 81 S.W.3d at 816 (reversing jury verdict after concluding "employee's proximity, with no evidence indicating how long hazard was there, merely indicates that it was *possible* for premises owner to discover condition, not that premises owner reasonably *should* have discovered it"); *Coburn v. Toys "R" Us-Del, Inc.*, No. 01-09-00871-CV, 2011 WL 345936, at *5 (Tex. App.—Houston [1st Dist.] Feb. 3, 2011, no pet.) (mem. op.) (concluding in summary judgment case that plaintiff who presented no evidence as to how long puddle had been on floor failed to raise fact issue on

constructive knowledge); *Cox*, No. 03-13-00714-CV, 2014 WL 4362884, at *3 (affirming no-evidence summary judgment in slip-and-fall incident, explaining that without proof from which factfinder could draw reasonable inference as to how long peach had been on floor, "it was equally probable" it was on floor for two minutes or two hours").  Because Young has not raised a genuine issue of material fact on the element of knowledge, we conclude the trial court did not err in granting Wal-Mart's no-evidence motion for summary judgment.  We overrule the sole issue.

We affirm the trial court's judgment.

140362F.P05

/Molly Francis/
MOLLY FRANCIS
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

SMALIA SANDY YOUNG, Appellant

No. 05-14-00362-CV        V.

WAL-MART STORES TEXAS, LLC,
Appellee

On Appeal from the County Court at Law
No. 5, Collin County, Texas
Trial Court Cause No. 005-1004-2013.
Opinion delivered by Justice Francis;
Justices Lang-Miers and Whitehill
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee WAL-MART STORES TEXAS, LLC recover its costs of this appeal from appellant SMALIA SANDY YOUNG.

Judgment entered March 10,2015.