The MORRIS PLAN LIFE INSURANCE COMPANY et al., Appellants,

v.

Ruby Melton GROSS et al., Appellees.

No. 17096.

Court of Civil Appeals of Texas.

Dallas.

May 24, 1968.

Rehearing Denied June 21, 1968.

Sam J. Callaway, Jr., Ft. Worth, for appellants.

Ralph R. Rash, Asst. Atty. Gen., Austin, for intervenor.

Donald G. Gay, Dallas, Richard Owens, Ft. Worth, for appellees.

DIXON, Chief Justice.

Appellant Morris Plan Life Insurance Company, hereinafter called Morris Plan Life, is the successor through merger and purchase in 1958 of Old Line Life Insurance Company, hereinafter called Old Line Life. Morris Plan Life took over all the assets and assumed the liabilities of Old Line Life.

This suit was filed September 21, 1961 by appellant Morris Plan Life, seeking judgment for the balance due on a note and for foreclosure of vendor's and deed of trust liens against certain property located in Dallas County, Texas. The note dated October 5, 1954 was in the original amount of $193,000 payable to Old Line Life in monthly installments of $1,319.98. The said note and deed of trust were executed by Old Superior Realty Company, a corporation, hereinafter called Realty Company, as part of the consideration for the sale and conveyance by Old Line Life of the property in question to Realty Company. Jim W. Crofford was named as Trustee in the deed of trust.

On or about November 1, 1954 the warranty deed, note and deed of trust, having been recorded in Dallas County, were forwarded to the State Board of Insurance Commissioners and by the Board were deposited with the Treasurer of the State of Texas. They are now and have been since the above date held on deposit by the State Treasurer.

Appellant claims that as successor to Old Line Life it became the beneficial owner of the note and liens securing same, subject, however, to the deposit of the instruments with the State Treasurer. Appellant brought this suit in its individual capacity and also as trustee for the policyholders of Old Line Life.

Sceva E. Crofford, Verna Crofford and Frank H. Martin were made defendants as Directors and Trustees in dissolution of Realty Company, the maker of the note. Curtis Parker, Ruby Melton Gross, Independent Executrix of the Estate of B. E. Gross, deceased, Metropolitan Resources, Inc., a Texas corporation, and Mercantile National Bank of Dallas were also made parties defendant on the ground that they claim an interest in the property.

In his answer appellee Curtis Parker claims title to the property in question. He also pleads *res adjudicata,* limitation, waiver, estoppel and that he is an innocent purchaser of the property, which he bought from B. E. Gross.

Ruby Melton Gross, Independent Executrix, filed an answer similar in substance to that of Curtis Parker.

Appellant Morris Plan Life filed verified supplemental pleadings in which it asserts that an alleged assignment of the note and liens (a necessary link in Parker's chain of title) is void, as is a trustee's deed from

Jim W. Crofford, Trustee, to Old Southern Investment Company (also a necessary link in Parker's chain of title) subsequently executed following a purported foreclosure. The assignee in the first of the above instruments was Old Southern Investment Company, hereinafter called Investment Company.

On September 14, 1958 interlocutory default judgment for $155,631 together with foreclosure was rendered against Metropolitan Resources, Inc.

On November 26, 1962 interlocutory judgment by agreement, including foreclosure, was rendered for $178,439.31 against the Directors and Trustees in dissolution of Realty Company. The judgment recites that no individual liability exists against the Directors and Trustees.

On March 29, 1963 the State of Texas, hereinafter called State, intervened. In its Third Amended Plea, filed April 13, 1965, State alleges that the deed, note and deed of trust are held on deposit in trust by the State Treasurer pursuant to Art. 3.15 of the Texas Insurance Code, V.A.T.S. for the benefit of the policyholders of Old Line Life. State asks for judgment and foreclosure and that the proceeds of execution and sale be deposited with the State Treasurer to be held in trust for the policyholders of Old Line Life.

A jury was impanelled, but the parties, except Parker, agreed that there were no fact issues to be submitted to the jury. The court refused to submit any issues to the jury. The court then overruled appellants' motions for judgment and sustained motions filed by Gross, Independent Executrix, and Parker. Judgment was accordingly rendered that interlocutory judgments rendered earlier be made final except as to foreclosure and that appellants Morris Plan Life and State take nothing against Parker and Gross, Independent Executrix. The judgment also authorized the payment of $930.40 due as taxes to the County of Dallas and State of Texas, who had intervened.

Appellants' whole case centers around two instruments: (1) the controversial assignment of February 28, 1956 whereby Investment Company according to appellees acquired ownership of the note and liens securing it; and (2) the controversial trustee's deed of October 2, 1956 conveying the real property in question to Investment Company following foreclosure. Since appellee Parker claims title to the property through these instruments we must set out the facts concerning them in further detail.

### A. FACTS IN RE PARKER'S CLAIM OF TITLE.

Appellee Curtis Parker bases his claim of ownership of the property on a chain of title as follows: (1) a recorded assignment dated February 28, 1956 whereby the note, deed of trust and vendor's lien now relied on by appellants were transferred by Old Line Life to Investment Company; (2) a recorded trustee's deed dated October 2, 1956 from J. W. Crofford, Trustee, to Investment Company; (3) a recorded warranty deed dated May 2, 1957 from Investment Company to B. E. Gross; (4) a recorded warranty deed dated June 1, 1960 from B. E. Gross to Curtis Parker.

On February 28, 1956 at a special meeting of the Board of Directors H. E. Kenny, Jr., was elected President of Old Line Life and was authorized to execute an assignment of the note and liens securing it to Investment Company, the consideration among other things being bonds of St. Michael's College Foundation, Inc. of a face value of about $225,000. Kenny executed the assignment as President and it bears his acknowledgment. It is attested by Harold Helm as Secretary and bears the corporate seal of Old Line Life. The assignment was filed for record in Dallas County. (In the present suit Morris Plan Life contends this assignment is void.)

On October 2, 1956 a trustee's deed was executed by J. W. Crofford, Trustee conveying the property to Investment Company. The trustee's deed contains this recitation: "Whereas on the 5th day of

October A.D. 1954 Old Superior Realty Company, a corporation, executed and delivered to Jim W. Crofford as Trustee a Deed of Trust of said date which is *unrecorded* whereby, for the purpose of securing the payment of *certain indebtedness* set out in said Deed of Trust * * *." (Emphasis ours.) Other recitations are to the effect that the holder of the indebtedness, after default in payment by the maker, requested the Trustee to sell the property and the Trustee thereafter proceeded to sell the property to Investment Company. The trustee's deed was filed for record in Dallas County. (Appellants claim that this trustee's deed is void.)

On May 2, 1957 Investment Company conveyed the property by warranty deed to B. E. Gross.

On June 1, 1960 Gross conveyed the property by warranty deed to Curtis Parker, part of the consideration being a note for $35,000 secured by mortgage.

Appellees introduced into evidence two exact signed copies of the deed of trust executed November 4, 1954 by Realty Company when it executed the note for $193,000 as part of the consideration for its purchase of the real property herein involved. One of these copies bears the certification of the County Clerk of Dallas County that it is a true copy of the original deed of trust. The other copy, though obviously an exact signed copy of the original, bears no certification. Appellees claim these are duplicate originals of the original deed of trust now on deposit with the State Treasurer, and that one of them is the "unrecorded" deed of trust referred to in the trustee's deed of October 2, 1956.

### B. IN RE APPELLEES' CLAIM OF RES JUDICATA.

On January 1957 Old Line Life as plaintiff filed suit in the 14th District Court of Dallas County against Jim W. Crofford, Investment Company and others, being Cause No. 20,213–G/A, in which suit Investment Company was one of the defendants. Plaintiff alleged fraud and conspiracy of the defendants in trading certain assets of Old Line Life, including the note of Realty Company for $193,000 and the liens securing it to Investment Company whereby Old Line Life received bonds of St. Michael's College Foundation, Inc. in the amount of $225,000.

In its petition Old Line Life as plaintiff prayed for:

(1) Judgment for recovery of and restoration from defendant Crofford and defendant Investment Company, jointly and severally, of the note and mortgage in the amount of $193,000. This is the same note and mortgage which Morris Plan Life seeks to foreclose in the present suit.

(2) Judgment against Crofford and Investment Company imposing a constructive trust on the above note and mortgage for the benefit of Old Line Life.

(3) Alternatively, judgment for the rescission of the actions taken on February 28, 1956 by which the Board of Directors elected H. E. Kenny, Jr. President of Old Line Life, and authorized him to execute an assignment of the $193,000 note and liens securing it to Investment Company; also judgment for rescission of the assignment executed by Kenny and restoration of the parties to their original status.

On February 25, 1957 Old Line Life filed a *Lis Pendens* notice that the above suit had been filed for rescission of the transaction of February 28, 1956 whereby a first mortgage note and deed of trust were transferred from Old Line Life to Investment Company and that Old Line Life sought recovery of title from Investment Company of said note and lien.

On August 19, 1957 one Titus Paulsel intervened in said suit individually and as class representative of stockholders of Old Line Life.

On August 19, 1957 judgment was entered in Cause No. 20,213–G/A as follows:

"* * * there came on to be heard the above entitled and numbered cause and plaintiff appeared by and through its duly authorized President and intervenor appeared individually and as a class for all stockholders of Old Line Life Insurance Company, and through their attorneys of record, and the defendants appeared respectively by and through their attorneys of record, whereupon *it was announced to the Court by the plaintiff and intervenor that the above entitled and numbered cause had been settled and compromised in full* pursuant to the terms of a certain compromise settlement agreement dated the 16th day of August, 1957, *and that this cause should be dismissed with prejudice to the rights of plaintiff and intervenor to re-file the same* and *that judgment should further be entered denying the plaintiff and intervenor any and all relief which it or they could have sought or did seek in this cause.*

"Be it, therefore, ORDERED, ADJUDGED AND DECREED that the above entitled and numbered cause be, and the same is hereby, dismissed with prejudice to the rights of the plaintiff and intervenor, individually and as a class, as the same has been settled and compromised in full as per the representations of the plaintiff and intervenor made in open court to this court, and

"It is further ORDERED, ADJUDGEd AND DECREED that any and all sought by the plaintiff and intervenor, individually herein against each and every one of the defendants herein, whether said relief be sought jointly or severally or both jointly and severally, *be and the same hereby is in all respects denied,* and

"It is further ORDERED, ADJUDGED AND DECREED that any and all other relief sought by the plaintiff and intervenor, individually, herein *or which the plaintiff or intervenor, individually,* could have alleged in this cause or might have alleged in this cause, be and the same hereby is in all respects denied." (Emphasis ours.)

## C. FACTS IN RE CLAIM OF MORRIS PLAN LIFE AND STATE THAT NOTE, WARRANTY DEED AND DEED OF TRUST ARE ON DEPOSIT WITH STATE TREASURER PURSUANT TO ART. 3.15 OF STATE INSURANCE CODE.

On or about November 1, 1954 a number of documents including the warranty deed, the note and the deed of trust here involved were forwarded to the Board of Insurance Commissioners as enclosures with a letter signed by George F. Heath. The letter does not show the position of Heath with Old Line Life. The said instruments were placed on deposit with the State Treasurer where they have remained since about November 1, 1954.

The signed receipt of the Board of Insurance Commissioner is as follows:

"THIS IS TO CERTIFY THAT:
The OLD LINE LIFE INSURANCE COMPANY, Dallas, Texas, as of November 1, 1954, has on deposit with the Treasurer of this State, through the Board of Insurance Commissioners the following securities: Note in the principal sum of $193,000.00 secured by deed of trust on real estate situated in Dallas, Texas, deposited at $100,-000.00."

The letter of transmittal by Heath makes no reference whatever to Art. 3.15 of the Insurance Code or to any other statute. The note is not endorsed and there is no written assignment or transfer of ownership of the note, deed or deed of trust to the Board of Insurance Commissioners, or to the State Treasurer. There is no record in the Deed Records or the Deed of Trust Records of Dallas County that the instruments in controversy had been placed on deposit with the State Treasurer.

In a form used by the Board of Insurance Commissioners in transmitting documents to the State Treasurer to be held on deposit there is a space for the insertion of the number or description of the statute under which the deposit is authorized. In this instance there is no statute indicated in the space provided. Instead there is written in the word "voluntary".

In its first Plea in Intervention State claims that the documents were deposited in compliance with Art. 3.16 of the Insurance Code. In its Second Amended Plea State alleges that the documents were deposited to comply with Art. 3.15 of the Insurance Code and in the alternative the documents were deposited to comply with a law of the State of Louisiana, into which State Old Line Life was extending its field of operations. In its Third Amended Plea State abandons its allegations in regard to the Louisiana operations and alleges only that the deposit was to comply with Art. 3.15.

Clay Cotten, Insurance Commissioner, testified by deposition that the deposit of the documents with the Board was not made pursuant to Art. 3.15 of the Texas Insurance Code. While this testimony was probably a legal conclusion it does shed some light on the purpose and status, so far as the Board was concerned, of the deposit.

Jesse James, State Treasurer, testified by deposition that he had in his possession the note and deed of trust in question, that it was deposited with him by the State Insurance Department, but that he did not know "by virtue of what statute" he held such note.

Cotten also testified that it is the practice of the Board to require a deposit of securities equal in value to the capital of the insurance company when a deposit is accepted pursuant to Art. 3.15. In this instance the instruments deposited were valued at only $100,000 although the capital of Old Line Life at the time was $250,000.

The minutes of several meetings of the Board of Directors were introduced into evidence. On one occasion in a meeting the statement was made that the note and liens were exchanged for bonds of St. Michael's College Foundation in order to comply with the law of the State of Louisiana which state would not accept real estate loans or mortgages as security deposits.

The minutes indicate that Old Line Life subsequently sold all of its business interests in Louisiana, but the note and deed of trust were not withdrawn from deposit or replaced.

Neither the Board of Insurance Commissioners nor the State Treasurer was notified of the sale and transfer of the note and liens to Investment Company.

Neither the State Treasurer nor the Board of Insurance Commissioners has received any of the payments due on the note, or tried to collect any of said payments, or taken any action whatever to enforce payment.

## OPINION

In its Third Point (j) appellant Morris Plan Life asserts that there is no evidence to support appellees' pleas of *res judicata* but on the contrary the undisputed evidence in this case refutes such pleas. Appellee Parker in his First Counterpoint and Gross, Executrix, in her Point No. Three (e) contend that the proceedings and judgment in 1957 in Cause No. 20,213-G/A, Old Line Life versus Investment Company et al, are a complete and lawful bar to any relief sought by Morris Plan Life and State in this case.

■ Since we have concluded that the court properly sustained appellees' pleas of *res judicata* and such holding concludes the case against appellants, we shall first consider the above point and counterpoints.

As pointed out under our summary of the facts in regard to this question, Old Line Life in the former suit, Cause No.

20,213-G/A, filed in 1957, attacked the assignment of February 28, 1956 of the note and liens in question from Old Line Life to Investment Company on the grounds of fraud, and sought rescission of said assignment and restoration of the note and liens to Old Line Life and restoration of the status quo prior to the execution of the assignment. The judgment was against Old Line Life and in favor of Investment Company. Morris Plan Life as the successor of Old Line Life is bound by the judgment.

■ In the case now before us Investment Company is not a party. But appellees Parker and Gross, Executrix, who are parties here, are privies to Investment Company's claim of title. Therefore there are the necessary identities of parties, causes of action, subject matter, and qualities of parties in this suit and in Cause No. 20,213-G/A to make the judgment in Cause No. 20,213-G/A *res judicata* of the issues in this suit. 34 Tex.Jur.2d 546.

Whatever rights State may have had to the note and liens, such rights were derived through Old Line Life, predecessor of Morris Plan Life, who claimed ownership of the note and liens. Being thus privy to Morris Plan's claims, State is also bound under the principle of *res judicata*.

In Ogletree v. Crates, 363 S.W.2d 431, 435 (1963) our Supreme Court said, "The rule of res judicata in Texas bars litigation of all issues connected with a cause of action or defense which, with the use of diligence, might have been tried in a former trial, as well as those which were actually tried," citing Freeman v. McAninch, 87 Tex. 132, 27 S.W. 97, 99, 47 Am.St.Rep. 79. See also Rhoades v. Prudential Leasing Corp., 413 S.W.2d 404, 407 (Tex.Civ. App., Austin 1967, no writ); Latham v. Dement, 409 S.W.2d 429, 434 (Tex.Civ. App., Dallas 1966, writ ref'd n. r. e.); Ladd v. Ladd, 402 S.W.2d 940 (Tex.Civ.App., Amarillo 1966, writ ref'd n. r. e.); Chem-Gas Engineers, Inc. v. Texas Asphalt & Refin. Co., 398 S.W.2d 143, 145 (Tex.Civ.

App., Waco 1965, writ ref'd n. r. e.); Ashorn v. Farmers Royalty Holding Co., 149 S.W.2d 995 (Tex.Civ.App., Galveston 1941, no writ); Permian Oil Co. v. Smith, 129 Tex. 413, 73 S.W.2d 490, 107 S.W.2d 564 (1937); Rio Bravo Oil Co. v. Hebert, 130 Tex. 1, 106 S.W.2d 242 (1937); 34 Tex. Jur.2d 490, 529, 564.

In Cause No. 20,213-G/A Old Line Life could have contended as Morris Plan Life does here, that H. E. Kenny, Jr. was not validly elected President, so lacked authority to sign the assignment of February 28, 1956; that no notice was given of the special meeting of the Board on that date —in truth Old Line Life could have and in all diligence should have included in its attack on the assignment all the grounds it now urges in this case. Also Old Line Life could have and should have assailed the validity of the trustee's deed which it contends now is invalid.

■ Having failed to recover title to the note and mortgage and having failed to have the assignment rescinded Old Line Life and now Morris Plan Life as successors to Old Line Life, cannot claim ownership of the note and liens securing it. And of course, if Morris Plan Life is not the owner of the note and liens it has no right now to maintain this suit for foreclosure.

Appellant Morris Plan Life relies on the old case of Moore v. Snowball, 98 Tex. 16, 81 S.W. 5 (1904) wherein it was held that if a party has misconceived his proper remedy he may maintain a second suit on a different theory. The holding there is not applicable here. The 1957 judgment recites that Old Line Life as plaintiff and Titus Paulsel, as intervenor, announced the compromise and settlement of the suit and they themselves told the court that judgment should be entered *"denying the plaintiff and intervenor any and all relief which it or they could have sought* or did seek in this cause." (Emphasis ours.) The above recitation was carried forward as part of the court's decree. The 1957 judg-

ment is thus in the nature of an agreed judgment and appellant as successor to Old Line Life will not now be heard to repudiate its terms. 34 Tex.Jur.2d 529.

Moreover in Ogletree v. Crates, 363 S.W. 2d 431, 435 (1963) Chief Justice Calvert, speaking for our Supreme Court, discusses Moore v. Snowball and it seems to us somewhat softens the strict application of the holding in that case even when the facts might seem to bring it within the holding.

The Third Point (j) of appellant Morris Plan Life is overruled. Appellee Parker's First Counterpoint and Point No. Three (e) of Gross, Executrix, are sustained.

In its first and second points appellant Morris Plan Life complains of the admission into evidence of assignment dated February 28, 1956 of the note and liens and of the trustee's deed dated October 2, 1956 from Crofford to Investment Company.

Under the heading "Third Point" appellant Morris Plan Life really presents eleven separate points listed alphabetically. They are as follows:

(a) There is no evidence to support the judgment.

(b) and (c) As a matter of law neither of appellees has now or has ever had title to the real property securing the note and mortgage, there being no evidence to show title.

(d) The assignment of February 28 was not effective because there was no delivery of the note.

(e), (f) and (g) The assignment is void because there is no evidence that it was authorized by the Board of Directors of Old Line Life, or that H. E. Kenny, Jr. was an officer of the Old Line Life; and also because it was in contravention of Art. 3.15 of the Insurance Code.

(h) and (i) There is no evidence to support appellees' plea of limitation or estoppel.

(j) There is no evidence to sustain appellees' plea of *res judicata,* but on the contrary the undisputed evidence refutes such plea.

(k) There is no evidence that appellees were bona fide purchasers without notice.

We have already overruled appellant's Third Point (j) and sustained appellees' pleas of *res judicata.*

We shall not overrule appellant's Third Point (h). This was an installment note. Article 5520, Vernon's Ann.Civ.St. provides that the limitation period shall not begin to run until the maturity date of the last installment. However the matter is immaterial in the light of our other holdings in this case.

We have considered all the other points presented by appellant Morris Plan Life, but shall not prolong this opinion by a detailed discussion of them. We see no merit in any of them. They are overruled.

State presents only one point of error. It contends that the undisputed evidence shows that as intervenor it holds the note and lien, which note and lien are superior, subsisting and unextinguished. We overrule State's point.

The judgment is affirmed.

CLAUDE WILLIAMS, J., not sitting.