

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-17-00427-CV

_____


JUDY DE LA GARZA AND THOMAS M. DE LA GARZA, Appellants

v.

THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK, AS TRUSTEE FOR THE HOLDERS OF THE CERTIFICATES, FIRST HORIZON MORTGAGE PASS-THROUGH CERTIFICATES (FHASI 2006-3); FIRST TENNESSEE BANK NATIONAL ASSOCIATION, D/B/A FIRST HORIZON HOME LOANS; AND NATIONSTAR MORTGAGE, LLC, Appellees

---

On Appeal from the 367th District Court
Denton County, Texas
Trial Court No. 14-04892-367

---

Before Sudderth, C.J.; Gabriel and Pittman, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

### I. Introduction

This appeal arises out of a home-equity loan dispute involving Appellants Judy De La Garza and Thomas M. De La Garza and Appellees The Bank of New York Mellon, f/k/a The Bank of New York, as Trustee for the Holders of the Certificates, First Horizon Mortgage Pass-Through Certificates (FHASI 2006-3) (BNYM); First Tennessee Bank National Association, d/b/a First Horizon Home Loans (FHHL); and Nationstar Mortgage, LLC (Nationstar), in which the trial court granted Appellees' no-evidence and traditional motions for summary judgment on the De La Garzas' claims and granted BNYM's traditional motion for summary judgment on its counterclaims for judicial foreclosure and a writ of possession. The De La Garzas raise one point contending that the trial court erred by granting summary judgment because genuine issues of material fact existed on all of their claims and BNYM's counterclaims. We affirm in part and reverse in part.

### II. Factual and Procedural Background

The De La Garzas' home (the Property) is located in Denton County. On August 26, 2006, Judy executed a Texas Home Equity Note (the Note), which governed the terms of Judy's obligation to repay a $750,000 home-equity loan to First Horizon Home Loan Corporation (FHHLC). On the same day, Judy and Thomas executed a Texas Home Equity Security Instrument (Security Instrument or Deed of Trust), which granted FHHLC a lien on the Property and a power-of-sale provision. The Security

Instrument named Mortgage Electronic Registration Systems, Inc. (MERS) as the "beneficiary" solely as "nominee" for the lender, FHHLC. In November 2008, the De La Garzas defaulted on the loan.

On May 1, 2009, MERS executed an "Assignment of Note and Deed of Trust" to FHHL, and on October 18, 2011, FHHL, through its agent Nationstar, assigned the Deed of Trust to BNYM.

In September 2013, BNYM filed an application in the 211th District Court of Denton County, seeking an expedited order for foreclosure under Texas Rule of Civil Procedure 736 (the rule 736 application). *See* Tex. R. Civ. P. 736.1. On January 10, 2014, the 211th District Court signed an order granting BNYM's rule 736 application. *See* Tex. R. Civ. P. 736.8.

Half a year later, the De La Garzas filed the underlying lawsuit in the 367th District Court of Denton County, which automatically stayed the proceedings in the 211th District Court, vacated the foreclosure order, and stayed the nonjudicial foreclosure sale scheduled to take place the next day. *See* Tex. R. Civ. P. 736.11(a), (c). The De La Garzas asserted claims for wrongful foreclosure, breach of contract, and violations of the Texas Debt Collection Practices Act (TDCPA), all premised on BNYM's rule 736 application and its attachments thereto.[1] BNYM filed a counterclaim

---

[1]The De La Garzas asked the trial court to declare that Appellees' actions violated the TDCPA, *see* Tex. Fin. Code Ann. §§ 392.001–.404 (West 2016); enjoin Appellees' actions that violated the TDCPA; declare the lien void; enter judgment in their favor for statutory damages, costs, and attorney's fees as provided by the TDCPA; prohibit any further attempted foreclosure sale or related acts by Appellees or Appellees'

seeking a judgment for judicial foreclosure and a writ of possession pursuant to rules 309 and 310 of the Texas Rules of Civil Procedure. *See* Tex. R. Civ. P. 309, 310.

Appellees subsequently filed traditional and no-evidence motions for summary judgment on the De La Garzas' claims and a traditional motion for summary judgment on BNYM's counterclaims. In the no-evidence motion, Appellees argued that

- as to the De La Garzas' breach-of-contract claim, there was no evidence that the De La Garzas had performed or tendered performance of their obligations under the loan documents;

- as to the De La Garzas' wrongful foreclosure claim:

  o there was no evidence that the Property was ever sold at foreclosure,

  o there was no evidence that the De La Garzas had ever tendered or were able to tender the amounts due on the loan, and

  o Texas does not recognize a claim for attempted wrongful foreclosure; and

- as to the De La Garzas' TDCPA claims:

  o there was no evidence of a wrongful act violating the statute with regard to misrepresenting the character, extent, or amount of a consumer debt,

  o there was no evidence that Appellees had used any false representation or deceptive means to collect the debt,

---

affiliates, agents, successors, or assigns, with respect to the Property; award them compensatory and exemplary damages as allowed by law; award them their reasonable and necessary attorney's fees, costs, and pre-judgment and post-judgment interest as allowed by law; issue an order quieting title to the Property; and enjoin any action to interfere with the De La Garzas' exclusive use and possession of the Property pending resolution of this case.

- there was no evidence of a wrongful act against the De La Garzas, and

- there was no evidence that the De La Garzas had been injured as a result of a wrongful act.

In the traditional motion for summary judgment on the De La Garzas' claims, Appellees' arguments paralleled their no-evidence arguments:

- that the De La Garzas could not recover for wrongful foreclosure because they were still in possession of the Property;

- that Texas does not recognize a claim for attempted wrongful foreclosure;

- that their trustee had fully complied with the rule 736 requirements in the prior suit;

- that the De La Garzas lacked standing to challenge the assignments' validity; and

- that because the De La Garzas' breach-of-contract claim was based on the same allegations supporting their TDCPA and wrongful foreclosure claims, the breach-of-contract claim failed for the same reasons.

With regard to Appellees' motion for traditional summary judgment on BNYM's counterclaims, Appellees argued that

- there was a valid lien on the Property;

- there was an uncured default on the debt and Security Instrument; and

- Appellees were the proper parties to foreclose under property code chapter 51 based on the recorded instruments and were entitled to judicial foreclosure under rule of civil procedure 309 and, accordingly, were also entitled to a writ of possession under rule of civil procedure 310.

Appellees attached over 160 pages of summary judgment evidence to their traditional motion.

5

The De La Garzas filed a single response to both motions. They attached no evidence to their response but merely stated that fact issues precluded the granting of summary judgment:

> The summary judgment evidence available to the Court establishes fact questions that should be settled at trial. The judicially admitted matters and discovery responses set out in Defendants' Motions demonstrate that there was an attempted foreclosure, and that there was wrongful activity by Defendants in seeking foreclosure authority without complying with the applicable Rules of Civil Procedure, hence there was a breach of contract by Defendants to Plaintiffs' detriment.

The De La Garzas' response also cited and referenced several of Appellees' summary judgment exhibits to show that there were disputed material facts concerning all of the parties' claims. After a hearing, the trial court signed orders granting all of Appellees' summary judgment motions.

## III. Discussion

The De La Garzas raise one point, challenging the trial court's summary judgments based on disputed issues of material facts on all of the parties' claims. *See Malooly Bros. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970).

## A. No-evidence Summary Judgment

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim or defense. Tex. R. Civ. P. 166a(i). The motion must specifically state the elements for which there is no evidence. *Id.*; *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). The trial

6

court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact. *See* Tex. R. Civ. P. 166a(i) & cmt.; *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008). That is, once a no-evidence motion has been filed in accordance with rule of civil procedure 166a(i), the burden shifts to the nonmovant to bring forth evidence that raises a fact issue on the challenged evidence.[2] *See Macias v. Fiesta Mart, Inc.*, 988 S.W.2d 316, 317 (Tex. App.—Houston [1st Dist.] 1999, no pet.).

Appellees contend that the trial court properly granted the no-evidence summary judgment because the De La Garzas did not attach evidence to their response and only referenced certain evidence attached to Appellees' traditional motion for summary judgment.[3]

We addressed this issue six years ago in *Dyer v. Accredited Home Lenders, Inc.*, No. 02-11-00046-CV, 2012 WL 335858, at *3 (Tex. App.—Fort Worth Feb. 2, 2012, pet. denied) (mem. op.), in which we held that, pursuant to the plain language of rule 166a(i) and the accompanying comment, a no-evidence summary judgment should be

---

[2]When a party moves for summary judgment under both rules of civil procedure 166a(c) and 166a(i), we will first review the trial court's judgment under the standards of rule 166a(i). *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). If the appellant failed to produce more than a scintilla of evidence under that burden, then there is no need to analyze whether the appellee's summary judgment proof satisfied the rule 166a(c) burden. *Id.*

[3]Specifically, the De La Garzas asserted in their response that their TDCPA claims "are supported by the pleadings and Summary Judgment evidence of the Defendants' Motions for Summary Judgment." They then referred to various exhibits Appellees attached to their traditional motion.

granted "unless the *nonmovant* produces summary judgment evidence raising a genuine issue of material fact" and "point[s] out to the trial court the evidence that raises a fact issue." We explained that "even though evidence is before the trial court that, if produced by the nonmovant, would require the court to deny the no-evidence summary judgment," that evidence must be ignored if "it was not pointed out to the trial court by the nonmovant."[4] *Id.*

Appellees' no-evidence motion for summary judgment challenged the De La Garzas to produce evidence of various specific elements of their claims. The De La Garzas produced no evidence in response to the breach-of-contract no-evidence ground regarding whether they had performed or tendered performance of their obligations under the loan documents,[5] and they did not direct the trial court to any of

---

[4]We recognize that in *Lance v. Robinson*, the Supreme Court of Texas recently rejected the argument that a summary judgment movant's failure to attach evidence to its motion "creates a complete absence of evidence" requiring denial of the motion. 543 S.W.3d 723, 732–33 (Tex. 2018). Thus, the court held that a movant's failure to attach evidence to its *traditional* motion for summary judgment was not fatal because Texas Rule of Civil Procedure 166a(c) expressly "require[s] a trial court to grant a summary judgment motion if the evidence '*on file at the time of the hearing*, or filed thereafter and before judgment with permission of the court,' establishes that the movant is 'entitled to judgment as a matter of law.'" *Id.* at 732 (quoting Tex. R. Civ. P. 166a(c)). This holding is inapplicable here because the rule governing *no-evidence* motions for summary judgment does not contain a provision allowing trial courts to consider documents merely "on file at the time of the hearing," and instead places the burden on the nonmovant to produce evidence in response to the no-evidence motion: "The court must grant the motion *unless the respondent produces summary judgment evidence raising a genuine issue of material fact.*" Tex. R. Civ. P. 166a(i) (emphasis added).

[5]With regard to proving a breach of contract, in addition to the defendant's breach, the essential elements are the existence of a valid contract, performance or tendered performance by the plaintiff, and damages sustained as a result of the breach.

8

Appellees' exhibits as to this ground. *See id.* Accordingly, the trial court did not err by granting the no-evidence summary judgment on this ground, and we overrule this portion of the De La Garzas' sole point. *See Villanova v. Fed. Deposit Ins. Corp.*, 511 S.W.3d 88, 103 (Tex. App.—El Paso 2014, no pet.) (affirming no-evidence summary judgment on breach-of-contract claim in wrongful-foreclosure case when borrower failed to set forth evidence in response to lender's contention that "there was no evidence [borrower] performed the contract and [lender] breached the contract").

The De La Garzas likewise produced no evidence, and directed the trial court to none of Appellees' exhibits, in response to the wrongful-foreclosure no-evidence grounds regarding whether the Property was ever sold at foreclosure or whether they had ever tendered or were able to tender the amounts due on the loan.[6] To the contrary, in their summary judgment response, the De La Garzas asserted that the Property "remains Plaintiffs' permanent residential homestead." Accordingly, the trial court did not err by granting the no-evidence summary judgment on this ground, and we overrule this portion of the De La Garzas' sole point. And although the De La Garzas contended in response to the no-evidence motion that attempted wrongful foreclosure

---

*Chalker v. Nationstar Mortg., LLC*, No. 02-17-00250-CV, 2018 WL 4140739, at *3 (Tex. App.—Fort Worth Aug. 30, 2018, no pet. h.) (mem. op.).

[6]With regard to proving wrongful foreclosure, the essential elements of the claim are a defect in the foreclosure-sale proceedings, a grossly inadequate selling price, and a causal connection between the defect and the grossly inadequate selling price. *Buchanan v. Compass Bank*, No. 02-14-00034-CV, 2015 WL 222143, at *5 (Tex. App.—Fort Worth Jan. 15, 2015, pet. denied) (mem. op.).

9

was "a Legitimate Variation of the Cause of Action for Wrongful Foreclosure," they merely referenced a footnote in a Fifth Circuit opinion to support this assertion.[7] As none of our sister courts have recognized that cause of action, and we can find no authority or support for the proposition that such cause of action exists in the law, we decline to recognize a cause of action for attempted wrongful foreclosure.[8] Accordingly, the trial court did not err by granting the no-evidence summary judgment on this ground, and we overrule this portion of the De La Garzas' sole point.

Finally, as to the De La Garzas' TDCPA claims, among other no-evidence grounds, Appellees argued that there was no evidence that the De La Garzas had been

---

[7]The De La Garzas cited *McCaig v. Wells Fargo Bank (Tex.), N.A.*, 788 F.3d 463, 478 n.6 (5th Cir. 2015), to support this assertion, but that case did not recognize a cause of action; rather, the court noted in an aside that the defendant in that case had labeled its own conduct "attempted wrongful foreclosure." The dissenting judge in that case noted, "in Texas, there has been no cause of action for 'attempted wrongful foreclosure.'" *Id.* at 486 (Jones, J., dissenting).

[8]*See In re PlainsCapital Bank*, No. 13-16-00592-CV, 2017 WL 1131092, at *5 (Tex. App.—Corpus Christi Mar. 27, 2017, orig. proceeding) (mem. op.) ("[T]here is no cause of action in Texas for attempted wrongful foreclosure."); *Anderson v. Baxter, Schwartz & Shapiro, LLP*, No. 14-11-00021-CV, 2012 WL 50622, at *4 (Tex. App.—Houston [14th Dist.] Jan. 10, 2012, no pet.) (mem. op.) ("Anderson cannot recover for damages allegedly caused by an attempted wrongful [foreclosure] because such a cause of action is not recognized."); *Peterson v. Black*, 980 S.W.2d 818, 823 (Tex. App.—San Antonio 1998, no pet.) (observing that wrongful-foreclosure recovery is conditioned on the disturbance of the mortgagor's possession based on the theory that the mortgagee must have committed a wrong similar to the conversion of personal property); *Port City State Bank v. Leyco Constr. Co.*, 561 S.W.2d 546, 547 (Tex. Civ. App.—Beaumont 1977, no writ) ("[P]laintiff has cited to us no authority supporting the existence of a cause of action for 'attempted wrongful foreclosure' and our research has not developed authorities showing the existence of any such cause of action.").

injured as a result of a wrongful act. *See Shellnut v. Wells Fargo Bank, N.A.*, No. 02-15-00204-CV, 2017 WL 1538166, at *15 (Tex. App.—Fort Worth Apr. 27, 2017, pet. filed) (mem. op.) (holding that threatening foreclosure when a borrower has defaulted under the loan documents is not prohibited by the TDCPA and stating that such a claim "is nothing but a recast breach of contract claim"); *see also* Tex. Fin. Code Ann. § 392.403(a)(2) (setting out as a TDCPA element "actual damages sustained as a result of a violation of this chapter"). The De La Garzas produced no evidence and directed the trial court to none of Appellees' summary judgment exhibits to support their damages under the TDCPA. Accordingly, the trial court did not err by granting the no-evidence summary judgment on this ground, and we overrule this portion of the De La Garzas' sole point. *See Dyer*, 2012 WL 335858, at *3; *see also* Tex. R. Civ. P. 166a(i) ("The court must[9] grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact."); *Kutner v. Wells Fargo Bank, N.A.*, No. 02-14-00238, 2015 WL 3523156, at *1–2 (Tex. App.—Fort Worth June 4, 2015, no pet.) (mem. op.) ("Unless a procedural defect precludes the granting of a no-evidence motion for summary judgment, the trial court *must* grant the no-evidence portion of a summary judgment motion *unless the nonmovant produces summary judgment evidence* raising a genuine issue of material fact and points out such evidence to the trial court." (emphasis added) (footnote omitted)).

---

[9]*Cf.* Tex. R. Civ. P. 166a(i) cmt. (West 1997) ("The denial of a motion under paragraph (i) is no more reviewable by appeal or mandamus than the denial of a motion under paragraph (c).").

Because the trial court did not err by granting the no-evidence summary judgment on the above grounds, we need not review the traditional grounds on the same claims. *See Ford Motor Co.*, 135 S.W.3d at 600; *see also* Tex. R. App. P. 47.1.

## B. Traditional Summary Judgment on BNYM's Counterclaims

In reviewing de novo Appellees' traditional summary judgment on BNYM's counterclaims for judicial foreclosure and a writ of possession, we must determine whether they met their summary judgment burden by establishing that no genuine issues of material fact exist and that they are entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009); *see Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). In this de novo review, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort*, 289 S.W.3d at 848. We must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of

12

all of the evidence presented.  *See Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 568 (Tex. 2006); *City of Keller v. Wilson*, 168 S.W.3d 802, 822–24 (Tex. 2005).

The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of the movant's cause of action or defense as a matter of law.  *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).

On appeal, although the De La Garzas generally argue that there "were outstanding fact issues (conflicting evidence) on each element of each outstanding claim," they do not brief the discrete elements of BNYM's counterclaims.  However, the tenor of their summary-judgment-response challenge on appeal is that BNYM— the party seeking to foreclose—was not authorized to do so because the documents attached to BNYM's rule 736 application and motion for summary judgment do not support that the Note was assigned or transferred to BNYM.[10]  Thus, we analyze the De La Garzas' argument as challenging BNYM's standing to obtain a judicial foreclosure.  *See* Tex. R. App. P. 38.9; *Vazquez v. Deutsche Bank Nat'l Tr. Co., N.A.*, 441 S.W.3d 783, 786 (Tex. App.—Houston [1st Dist.] 2014, no pet.) ("If foreclosure on a home is initiated by a person or entity whose right to foreclose is contingent upon the validity of an assignment, the homeowner has standing to attack the assignment and thereby seek to stop or reverse the foreclosure.").

---

[10]Appellees also construe the De La Garzas' argument as "challeng[ing] BNYM's authority to foreclose based on the copy of the Note attached to the traditional motion for summary judgment."

### 1. Foreclosure of the Home-Equity-Loan Lien

#### a. Applicable Law

"A suit to foreclose on real property . . . is a legal proceeding seeking the satisfaction of a debt through foreclosure of [a] lien on real property." *Mark v. Household Fin. Corp. III*, 296 S.W.3d 838, 839 (Tex. App.—Fort Worth 2009, no pet.). "*The basis of such an action is a promissory note secured by a deed of trust or security instrument.*" *Id.* (emphasis added). "A lien securing repayment of a home-equity note may only be foreclosed upon by a court order." *Grady v. Nationstar Mortg., LLC*, No. 02-16-00481-CV, 2017 WL 5618690, at *1 n.2 (Tex. App.—Fort Worth Nov. 22, 2017, pet. denied) (mem. op.) (citing Tex. Const. art. XVI, § 50(a)(6)(D)); *see Wells Fargo Bank, N.A. v. Robinson*, 391 S.W.3d 590, 593 (Tex. App.—Dallas 2012, no pet.).

When, as here, the security instrument as part of a home-equity loan contains a power-of-sale provision, the lender may file a claim for judicial foreclosure or use rule of civil procedure 736 to obtain an order allowing it to proceed with nonjudicial foreclosure.[11]  *See Steptoe v. JPMorgan Chase Bank, N.A.*, 464 S.W.3d 429, 432–33 (Tex.

---

[11]In the case of a nonjudicial foreclosure, chapter 51 of the property code supplies the statutory requirements, in addition to the those in the deed of trust, that must be followed to effectuate a valid sale.  *See* Tex. Prop. Code Ann. § 51.002 (West Supp. 2018) ("Sale of Real Property Under Contract Lien"); *Morrison v. Christie*, 266 S.W.3d 89, 92 (Tex. App.—Fort Worth 2008, no pet.) ("Section 51.002 regulates nonjudicial foreclosures, that is, the sale of real property after default by the debtor under a power of sale conferred by deed of trust or other contract lien.").  The sale under rule 309 is similar to a trustee's sale as described by section 51.002, but under rule 309, a sheriff rather than trustee conducts the sale.  *See Brown v. EMC Mortg. Corp.*, 326 S.W.3d 648, 654 (Tex. App.—Dallas 2010, pet. denied) (holding reversible error when

App.—Houston [1st Dist.] 2015, no pet.); *see also* Tex. R. Civ. P. 735.1(a) (stating that rule 736 provides the procedure for obtaining a court order to allow foreclosure of a home-equity loan containing a power of sale in the security instrument); Tex. R. Civ. P. 735.3 (stating that a rule 736 order is not a substitute for a judgment for judicial foreclosure); 27 Stephen G. Cochran, *Texas Practice Series: Consumer Rights & Remedies* § 7.14 (3d ed. 2017) (stating that a party seeking to foreclose a home-equity loan "may file suit seeking judicial foreclosure, file a suit or counterclaim seeking a final judgment which includes an order allowing foreclosure under [section 51.002 of] the Texas Property Code, or file an application under Rule 736" (footnotes omitted)).

Rule 309's requirement that the judgment allow the foreclosing party to recover his debt dictates that the party seeking judicial foreclosure establishes the existence of the debt and that he is entitled to recover it. *See* Tex. R. Civ. P. 309 (providing that judgments for the "foreclosure of mortgages and other liens shall be that the plaintiff *recover his debt . . .* with a foreclosure of the *plaintiff's lien*" (emphasis added)); *Mark*, 296 S.W.3d at 839 (explaining that the basis of a suit to foreclose on real property is a

---

rule 309 judgment for judicial foreclosure ordered mortgagee rather than sheriff to sell property at public auction).

Although a holder of a secured note may also choose to pursue an action to recover a personal judgment against the debtor without resorting to the security interest, *see, e.g.*, *Maupin v. Chaney*, 163 S.W.2d 380, 382 (Tex. 1942), a secured home-equity-loan lender may seek payment of the home-equity loan only from the collateral and cannot seek a deficiency judgment against the borrower personally. *See* Tex. Const. art. XVI § 50(a)(6)(C) (requiring that to be foreclosure-eligible, Texas home-equity loans must be nonrecourse); *Wells Fargo Bank, N.A. v. Murphy*, 458 S.W.3d 912, 917 (Tex. 2015).

promissory note secured by a deed of trust on real property); *Bonilla v. Roberson*, 918 S.W.2d 17, 21 (Tex. App.—Corpus Christi 1996, no writ) (explaining that to be entitled to a judicial foreclosure, the party seeking to foreclose must provide proof "establishing the debt and fixing the lien"); *Morris Plan Life Ins. Co. v. Gross*, 429 S.W.2d 561, 567 (Tex. Civ. App.—Dallas 1968, writ ref'd n.r.e.) ("[O]f course, if Morris Plan Life is not the owner of the note and liens it has no right now to maintain this suit for foreclosure."); *Cunningham v. Buel*, 287 S.W. 683, 686 (Tex. Civ. App.—San Antonio 1926, no writ) (explaining that in a suit to recover on notes and foreclose a lien, "[t]he notes sued on constitute the very basis of the suit"); *see also Rinard v. Bank of Am.*, 349 S.W.3d 148, 152 (Tex. App.—El Paso 2011, no pet.) ("To obtain a judicial foreclosure, Bank of America was required to demonstrate that the note was a purchase money note, that some part of the purchase money is due and unpaid, and that the property subject to the lien is the same property on which it seeks to enforce the lien."); 30 Tex. Jur. 3d *Deeds of Trust and Mortgages* § 209 (2018) ("[O]ne who is not the owner of the note and liens involved has no right *to maintain suit for foreclosure.*" (emphasis added)); 2 James N. Johnson, *Texas Practice Guide Real Estate Transactions* § 10:232 (2018 ed.) ("Promissory notes that are secured by a mortgage or trust deed constitute the very basis of a suit for judicial foreclosure . . . ."). *But see Kyle v. Countrywide Home Loans, Inc.*, 232 S.W.3d 355, 362 (Tex. App.—Dallas 2007, pet. denied) (affirming summary judgment for judicial foreclosure despite movant's failure to include the note in the summary judgment record because

16

"[t]he express terms of the deed of trust gave [movant] the right to seek judicial foreclosure in the event of a default").

A mortgage debt is established through a promissory note, *see Bradford v. McElroy*, 746 S.W.2d 294, 298 n.3 (Tex. App.—Austin 1988, no writ) (explaining the note is evidence of a debt), even though the party seeking a judgment for judicial foreclosure does so pursuant to the deed of trust lien and not as a judgment on the note.[12] Accordingly, to be entitled to summary judgment for a judicial foreclosure under rule 309, a movant must prove (1) the existence of and some privity to a financial obligation—i.e., the note; (2) the existence of and some privity to the lien securing it— i.e., the deed of trust or security instrument; and (3) a default on the loan. *See* Tex. R. Civ. P. 309; 17 William V. Dorsaneo III et al., *Texas Litigation Guide* § 255.03[3][a] (2008 ed.) ("Judicial foreclosure is initiated when the creditor files an action alleging the existence of the indebtedness, default by the debtor, and the existence of the deed of trust or vendor's lien.").

---

[12]However, the mortgagee seeking judicial foreclosure is not required to set forth evidence of the original, wet-ink note. *See Vince Poscente Int'l, Inc. v. Compass Bank*, 460 S.W.3d 211, 216 (Tex. App.—Dallas 2015, no pet.) ("A photocopy of a promissory note, attached to an affidavit in which the affiant swears that the photocopy is a true and correct copy of the original note . . . establishes the existence of the note."). And the foreclosure of a deed of trust should not be conflated to that of a suit on the note, which are a secured creditor's severable rights under Texas law. *Carter v. Gray*, 81 S.W.2d 647, 648 (Tex. 1935).

17

### b. Analysis

The De La Garzas contend that BNYM has not established its authority to foreclose under rule 309 because the assignments conflict with the Note, which contains no indorsement or allonge that reflects these assignments. BNYM, in contrast, asserts that it has standing to pursue its counterclaim for judicial foreclosure because it is the mortgagee as defined by chapter 51 of the property code. *See* Tex. Prop. Code Ann. § 51.0001(4) (West 2014) (A "mortgagee" refers to either "(A) the grantee, beneficiary, owner, or holder of a security instrument; (B) a book entry system; or (C) if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record.").[13] BNYM further directs us to a Fifth Circuit case, arguing that the De La Garzas' argument is simply a variance of the "split-the-note theory" that federal courts have rejected. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 254–55 (5th Cir. 2013).[14] Thus, BNYM contends that "a person may have authority to foreclose even if it is not the note holder."

As an initial matter, *Martins* and other authorities concerning the split-the-note theory are inapposite to the instant case because they concern *nonjudicial* foreclosure

---

[13]BNYM attached two recorded assignments of the Security Instrument—the first from MERS to FHHL and the second from FHHL to BNYM—to its application for order of home-equity foreclosure, which it also attached to its traditional summary judgment motion, and these assignments qualify BNYM as a mortgagee under section 51.0001(4)(A) and (C) of the property code. *See* Tex. Prop. Code Ann. § 51.0001(4)(A), (C).

[14]This court has "agree[d] with the federal court's reasoning in *Martins*" and held that a party only in privity with the deed of trust and not the note is still permitted to

18

under a power-of-sale or court order conducted by a trustee pursuant to chapter 51 of the property code. Although a nonjudicially foreclosing mortgagee need not demonstrate ownership of a note in order to defeat a mortgagor's standing challenge and although BNYM may have established that it is the mortgagee under chapter 51 for purposes of a nonjudicial foreclosure, this does not necessarily entitle BNYM to a rule 309 judgment for a judicial foreclosure. *See generally* Alan M. White, *Losing the Paper—Mortgage Assignments, Note Transfers and Consumer Protection*, 24 Loy. Consumer L. Rev. 468, 479–80 (2012) (explaining the "critical difference" in the requirements of pleading and proof concerning the note when a mortgagor challenges a mortgagee's standing to nonjudicially foreclose as opposed to when a mortgagee brings an independent claim for judicial foreclosure—"In a judicial foreclosure, as the plaintiff, the foreclosing party must come forward with evidence that it is the proper transferee of the note"); *cf. EverBank, N.A. v. Seedergy Ventures, Inc.*, 499 S.W.3d 534, 538 (Tex. App.—Houston [14th Dist.] 2016, no pet.) ("Under the Texas Property Code, a party has standing *to initiate a nonjudicial foreclosure* sale if the party is a mortgagee." (emphasis added)); *Morlock, L.L.C. v. Nationstar Mortg., L.L.C.*, 447 S.W.3d 42, 47 (Tex. App.— Houston [14th Dist.] 2014, pet. denied) ("Morlock's allegation that Nationstar is not the owner or holder of the Note is irrelevant *with respect to Nationstar's right to enforce the Deed of Trust through non-judicial foreclosure* under Texas law." (emphasis added)).

---

foreclose. *Weeks v. Bank of Am., N.A.*, No. 02-13-00039-CV, 2014 WL 345633, at *3 (Tex. App.—Fort Worth Jan. 30, 2014, no pet.) (mem. op.).

BNYM initially filed a rule 736 application and obtained an order for foreclosure, but when the De La Garzas filed this lawsuit, the proceeding was automatically stayed and the order vacated. *See* Tex. R. Civ. P. 736.11(a) (stating that an order under rule 736 is automatically stayed if a respondent files a separate, original proceeding "that puts in issue any matter related to the origination, servicing, or enforcement of the" lien sought to be foreclosed "prior to 5:00 p.m. on the Monday before the scheduled foreclosure sale"), 736.11(c) (stating that if suit is filed per subsection (a) and "[i]f an order has been signed, the court must vacate the Rule 736 order").

In response to the De La Garzas' lawsuit, BNYM filed a counterclaim for judicial foreclosure under rule of civil procedure 309. Therefore, the arguments and authorities that address rule 736 applications, as well as the pleading and proof required in a rule 736 proceeding, are inapplicable with regard to whether BNYM satisfied its summary judgment burden on its claim for *judicial* foreclosure. *See Steptoe*, 464 S.W.3d at 432–33 (explaining that "a Rule 736 proceeding cannot be brought as a counterclaim in a borrower's suit against the lender" because "it is a special, expedited proceeding with a unique procedural mechanism that is not compatible with the administration of a suit brought by a borrower to challenge the propriety of a loan agreement"); *see also* Tex. R. Civ. P. 735.3.

Further, because BNYM sought and obtained a rule 309 judgment for judicial foreclosure rather than an order allowing a nonjudicial foreclosure and trustee's sale under chapter 51 of the property code, the provisions of chapter 51 that govern

20

nonjudicial foreclosure proceedings—as well as the cases interpreting said provisions—are also inapplicable. *See Brown*, 326 S.W.3d at 654 (explaining that "chapter 51 distinguishes between foreclosure sales conducted under the chapter and those conducted under a court judgment foreclosing the lien"); 17 William V. Dorsaneo III et al., *Texas Litigation Guide* § 255.03[4][a] (2018 ed.) ("Chapter 51 of the Property Code governs the nonjudicial foreclosure of real property security interests created by contract."). Indeed, BNYM recognizes in its appellate briefing that "by its express terms, Section 51.002 does not apply to a claim for judicial foreclosure." We have heard no compelling argument and find no authority to expand the application of rule 736 and chapter 51 and the cases interpreting them beyond proceedings concerning nonjudicial foreclosures.[15]

In summary, then, as set out above, a rule 309 judgment for judicial foreclosure contemplates a distinct proceeding with different pleading and proof requirements from a rule 736 application, and the requirements governing nonjudicial foreclosures provided by chapter 51 of the property code do not apply to an action for a rule 309 judgment for judicial foreclosure. Accordingly, we review BNYM's summary judgment evidence to determine whether there is a genuine issue of material fact with regard to the Note and BNYM's privity to it that precludes summary judgment for a rule 309 judicial foreclosure.

---

[15]Property code sections 51.004 and 51.005 expressly address judicial foreclosures but concern post-foreclosure deficiencies, which are inapplicable to these facts. *See* Tex. Prop. Code Ann. §§ 51.004–.005 (West 2014).

BNYM's summary judgment evidence included: (1) the rule 736 application; (2) two affidavits from Nationstar's employees; (3) a copy of the Note signed by Judy without any indorsements (blank or special); (4) a copy of the Security Instrument; (5) two assignments—one of the Note and Deed of Trust from MERS to FHHL, and one of the Deed of Trust from FHHL to BNYM; and (6) a 2012 written notification of default for nonpayment. The summary judgment evidence supporting BNYM's privity to the Note is (1) an affidavit attached to BNYM's rule 736 application, which was attached to Appellees' traditional motion for summary judgment, in which Jaclyn Holloway, a limited vice president of Nationstar stated that BNYM is the holder of the Note and attached a photocopy of the Note; and (2) an affidavit from A.J. Loll, a vice president of Nationstar, who stated that "[BNYM] is the current holder of the Note and Security Instrument."[16] Thus, we must review this evidence in the light most favorable to the De La Garzas to determine if BNYM conclusively established the elements of its counterclaim for judicial foreclosure.

Testimony in an affidavit that an entity owns a note is sufficient to conclusively establish ownership even absent supporting documentation if there is no controverting summary judgment evidence. *First Gibraltar Bank v. Farley*, 895 S.W.2d 425, 428 (Tex. App.—San Antonio 1995, writ denied). And, a photocopy of a note attached to the

---

[16]BNYM's counterclaim alleges that "[t]he original Note is indorsed in blank by FHHLC and is currently in B[]NYM's possession. [Nationstar] is the mortgage servicer of the Loan for B[]NYM." However, "pleadings are not competent summary judgment evidence, even if sworn or verified." *Sher v. Fun Travel World, Inc.*, 118 S.W.3d 500, 502 (Tex. App.—Dallas 2003, no pet.).

affidavit of a holder who swears it is a true and correct copy is sufficient to prove the status of owner and holder of a note if there is no controverting summary judgment evidence. *Id.* However, an issue of material fact is present regarding ownership of a note when the summary judgment evidence presents an unexplained gap in the chain of title. *Id.* at 428–29.

Holloway's and Loll's statements that BNYM is the holder of the Note are inconsistent with the attached documents because the only copy of the Note in the record before us contains no indorsement indicating BNYM is the payee or holder of the Note and because none of the six pages of attachments include an assignment of the Note to BNYM (the second assignment assigns only the Deed of Trust to BNYM). Put differently, BNYM's summary judgment evidence presents an unexplained gap in BNYM's chain of title because it appears that title to the Note stopped in FHHL. *See FFP Mktg. Co., Inc. v. Long Lane Master Tr. IV*, 169 S.W.3d 402, 410 (Tex. App.—Fort Worth 2005, no pet.) (reversing summary judgment when movant's affidavit and attachments were "internally inconsistent" regarding the movant's ownership interest in the note); *First Gibraltar Bank*, 895 S.W.2d at 428–29 (concluding bank agent's affidavit testimony stating that the bank was the holder of the attached note without explaining or showing how title to the note passed to the bank created "internal inconsistencies" and a fact issue concerning ownership of the note, which precluded summary judgment); *Scott v. U.S. Bank, N.A.*, No. 02-12-00230-CV, 2014 WL 3535724, at *4 (Tex. App.—Fort Worth July 17, 2014, no pet.) (mem. op.) (explaining U.S. Bank's

summary judgment affidavit stating an attached assignment demonstrated the loan was transferred to U.S. Bank "who is the current owner and holder of the loan" was internally inconsistent because no documentation corroborated the assertion, so "standing alone, the affidavit fails to establish the chain of title to U.S. Bank as a matter of law"); *see also Deutsche Bank Nat'l Tr. Co. v. Burke*, No. 4:11-CV-01658, 2014 WL 4649879, at *2–3 (S.D. Tex. Sept. 16, 2014) (denying motion for summary judgment for judicial foreclosure and recognizing that "[i]f there is a potential gap in ownership of a note based on an affiant's testimony, the affidavit will not permit summary judgment").

Therefore, based on our de novo review of the summary judgment evidence in the light most favorable to the De La Garzas, we hold that BNYM failed to meet its burden concerning the debt and financial obligation on its counterclaim for judicial foreclosure to conclusively establish that BNYM has standing to foreclose vis-à-vis the Note because there is an unexplained gap in the chain of title. Accordingly, we sustain this portion of the De La Garzas' sole point.

### 2. Writ of Possession

Texas Rule of Civil Procedure 310 provides that a party seeking to foreclose on a property "is entitled to a writ of possession" once the court renders a judgment of foreclosure. *See* Tex. R. Civ. P. 310; *see also King v. Deutsche Bank Nat'l Tr. Co.*, No. 1:14-CV-0740-LY, 2016 WL 3221172, at *2 (W.D. Tex. Apr. 12, 2016) (citing Tex. R. Civ. P. 310). Because we held the trial court erred by granting summary judgment for judicial foreclosure, we likewise hold that the trial court erred by granting BNYM's request for

a judgment of writ of possession and sustain this portion of the De La Garzas' point in part.

## IV.  Conclusion

Having overruled in part and sustained in part the De La Garzas' sole point, we affirm the trial court's no-evidence summary judgment as to the De La Garzas' claims, reverse the traditional summary judgment as to BNYM's counterclaims, and remand this case to the trial court for further proceedings not inconsistent with this opinion.

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered:  November 1, 2018

25